CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 24, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **CLEMENTS ELECTRIC TEXAS LLC,** | § | **Case No. 24-33418-mvl** |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATIVE TO DEBTOR'S MOTION FOR ENTRY OF ORDER FINDING ADRIANO BUDRI IN CONTEMPT OF COURT AND FOR SANCTIONS**

On May 19, 2026, Clements Electric Texas, LLC (the "**Debtor**") filed its *Motion for Entry of Order Finding Adriano Budri in Contempt of Court and for Sanctions* (the "**Debtor's Sanctions Motion**") [ECF No. 236], alleging continuing violations by Mr. Adriano Budri of the Court's April 28, 2026, *Order Denying Motions Filed by Adriano Budri, Designating Adriano Budri as Vexatious Litigant and Imposing Pre-filing Restrictions* [ECF Nos. 191, 192], as further amended on May 29, 2026 [ECF No. 245] (the "**Vexatious Litigant Order**").[1] The Court held a hearing

[1] All references to the Vexatious Litigant Order contained herein shall be in reference to ECF No. 245. The Court will note that Mr. Budri's appeal of the Vexatious Litigant Order and related orders was recently dismissed with prejudice at ECF No. 326. *Adriano Kruel Budri v. Clements Electric Texas, LLC*, Civ. Act. No. 3:26-CV-2595-X (N.D. Tex. September 17, 2026) ("The Court has reviewed the underlying record and determined Budri's appeal of a vexatious litigant designation, sanctions, and contempt lacks merit and has an obvious outcome. Accordingly, the Court

with respect to the Debtor's Sanctions Motion on August 24, 2026 (the "**Hearing**"). Counsel for Clements Electric Texas, LLC (the "**Debtor**") appeared, as did the Subchapter V Trustee (the "**Trustee**"), Ms. Frances Smith. Additionally, counsel for the United States Trustee (the "**UST**") appeared. Mr. Budri failed to appear.[2] At the hearing, Ms. Joyce Lindauer, counsel to the Debtor, and the Trustee gave testimony and submitted evidence.

The evidence reflected that not only has Mr. Budri engaged in vexatious litigation in this Court, costing the estate and its creditors substantial sums of money, but outside of this Court, Mr. Budri has engaged in further abusive, vexatious barratry against the Debtor and Ms. Lindauer personally, which simply could not go unaddressed. Given the Court's numerous rulings in the above matter relative to Mr. Budri's status as an abusive filer and a vexatious litigant, which the Court hereby incorporates by reference,[3] Ms. Lindauer and the Debtor declined to pursue monetary sanctions, which might very well go uncollected. Instead, Ms. Lindauer and the Debtor requested findings of fact and conclusions of law detailing Mr. Budri's contemptuous conduct in this case, along with specific findings relating to the most common baseless accusations made by Mr. Budri. The Court finds good cause exists for the same and issued the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as incorporated by Bankruptcy Rule 9014.

---

**DISMISSES WITH PREJUDICE** Budri' s appeal and **DENIES AS MOOT** all other pending motions in this case.") (emphasis in original).

[2] The Court notes that Mr. Budri did not appear at the hearing. All other affected parties and witnesses appeared in-person. After having been denied a requested continuance less than thirty minutes before the hearing, Mr. Budri emailed the Court alleging to have audio problems. The Court found the occurrence of an alleged audio problem a tad too coincidental. Likewise, as noted on the Court's website, reliance on technology (rather than in-person appearance) is at the party's own risk. The hearing went forward without Mr. Budri's participation, but his *Opposition and Response to Debtor's Motion for Entry of Order Finding Adriano Budri in Contempt and for Sanctions [ECF Docket #236] and Creditor Adriano Kruel Budri's Opposition and Response to Debtor's Supplement to Motion for Entry of Order Finding Adriano K. Budri in Contempt and for Sanctions [Dkt. 243]* (the "**Budri Response**") filed on June 18, 2026 [ECF No. 270] was considered.

[3] The Court's Orders at ECF Nos. 207, 232, 245, 277, and 320 are incorporated herein, including the factual findings contained therein.

## I. FINDINGS OF FACT[4]

1. On April 28, 2026, this Court entered the Vexatious Litigant Order designating Mr. Adriano Budri a vexatious litigant and directing that Mr. Budri file nothing further with the Court, other than filings related to his appellate rights, without first requesting and receiving the Court's specific authorization. ECF No. 245.

2. In the Vexatious Litigant Order, the Court warned Mr. Budri that continued filings without prior authorization would result in a finding of contempt and further sanctions. ECF No. 245 at 11.

3. On May 5, 2026, this Court entered its order denying Mr. Budri's motions for reconsideration (the "**Reconsideration Order**"), which further directed Mr. Budri to cease all correspondence with the Court and its staff except correspondence requesting permission to file. ECF No. 207 at 8.

4. Mr. Budri received proper and actual notice of the Vexatious Litigant Order and the Reconsideration Order by first-class mail and email, and demonstrated his knowledge of both orders by, among other things, seeking reconsideration, then appeal, of the Vexatious Litigant Order and corresponding about its terms.

5. Mr. Budri failed to comply with the Vexatious Litigant Order by filing or attempting to file numerous documents without requesting or receiving the Court's authorization, including but not limited to ECF Nos. 213, 218, 219, 220, 222, 238, 263, 268, and 272. *See* ECF No. 277 at 6-7; *see also* ECF No. 320 (Sua Sponte Order Sanctioning Creditor Adriano Budri for Repeated Violations of Court Order).

6. Mr. Budri further failed to comply with the Vexatious Litigant Order and the Reconsideration Order by sending dozens of voluminous, duplicative and frivolous

[4] Any finding of fact that constitutes a conclusion of law shall be deemed as such and vice versa.

correspondence to the Court's staff, the Debtor, Debtor's counsel and her staff, the Trustee, the Office of the United States Trustee, and Assistant United States Attorneys.

7. This Court found Mr. Budri in violation of its prior orders in its *Memorandum Opinion and Order Holding Adriano Budri in Contempt of Court and Sanctioning Him for Filing Abuses* (the "**Contempt Order**"), entered by the Court on July 10, 2026 [ECF No. 277].

8. Mr. Budri's violations were knowing and willful: each filing and communication was a volitional act, made after entry of the orders prohibiting it and with knowledge of those orders, and Mr. Budri possessed the ability to comply with the orders at all times, as compliance required only that he refrain from filing and corresponding without permission.

9. Mr. Budri's filings and correspondence repeated the following specific accusations against the Debtor and its counsel, each of which the Debtor felt compelled to answer at the expense of the estate, and each of which the Court now finds was false or, at a minimum, without legal or factual basis:

a. Mr. Budri accused Debtor's counsel of fabricating or altering the photograph filed as Exhibit 4 to ECF No. 163 with photo-editing software. The photograph depicts Mr. Budri's vehicle on a public street near the residence of the Debtor's principal and was filed with a Texas Motor Vehicle Registration report identifying Mr. Budri as the vehicle's owner. The Debtor's principal testified as to the meeting and authenticated the photo. Mr. Budri acknowledged *on the record* that his car was on that public street and that he was in fact near the Debtor's principal's home. There was no competent evidence of fabrication or alteration presented *at any hearing*. The Court considered and rejected this accusation in the Reconsideration Order. The accusation was baseless. Mr. Budri has continued to make this frivolous accusation against Debtor's Counsel in numerous pleadings before this Court and the District Court and in correspondence since the Reconsideration Order was entered.

b. Mr. Budri accused the Debtor and Debtor's counsel of perjury at the April 21, 2026, evidentiary hearing and sought a criminal referral under 18 U.S.C. § 152. The Court, having presided over that hearing, has not found there to be any perjurious statements by the Debtor or its counsel.

c. Mr. Budri accused Debtor's counsel of prohibited *ex parte* communications with the Court through its courtroom deputy. No communication concerning the merits of any contested matter occurred outside the presence of, or without disclosure to, the affected parties. To be certain, Mr. Budri was actually copied with the allegedly *ex parte*

communication. The accusation is frivolous and was summarily dismissed in various orders and minute entries. *See, e.g.,* ECF Nos. 223, 225, and 277.

d. Mr. Budri accused the Debtor and its counsel of intentionally excluding him as a creditor to deprive him of due process. Mr. Budri's claim was for $179. Upon determining that Mr. Budri had not received notice of the claims bar date, the Debtor promptly withdrew its objection to his late-filed claim, the claim was allowed, and the Trustee paid it in full on or about March 13, 2026, ahead of every other general unsecured creditor. No evidence of any concealment scheme was presented. The accusation is baseless.

e. Following payment in full, Mr. Budri demanded an additional $41.76 in interest and expenses, and had previously demanded other monies from the estate and a $20,000 promissory note from Debtor's counsel. The confirmed plan does not provide for postpetition interest or expenses to general unsecured creditors, and Mr. Budri identified no legal basis for any of these demands. ECF Nos. 191 at 6, 277 at 24, and 245 at 10. Mr. Budri's demand for money from the Debtor's counsel has no valid basis in law or fact and is extortionate.

10. Mr. Budri made and maintained the accusations described in Paragraph 9 without evidentiary or legal basis, persisted in them after the Court rejected them, and made them for improper purposes, including harassment, delay, and obtaining money to which he was not entitled. Mr. Budri's actions constitute abusive, bad faith litigation tactics.

11. The Debtor's Sanction Motion was filed and prosecuted by the Debtor in the administration of its estate and the performance of its duties under the confirmed plan. The Court finds that it was not presented or filed for any improper purpose by the Debtor or Debtor's counsel.

12. As a direct result of Mr. Budri's non-compliance and bad faith conduct, the estate suffered actual damages in the form of administrative expenses that reduced the projected recovery of the general unsecured creditors by approximately $53,000, or 31%. *See* ECF No. 267 at 99:11—100:4; ECF No. 277.

14. Mr. Budri's constant and ongoing emails to third parties, state courts, judges, newspapers, City of Ennis officials, state officials and untold numbers of attorneys not involved in this bankruptcy case are all unmistakably efforts to harass, defame, and intimidate Debtor's

counsel and are violations of this Court's existing orders. His conduct is objectively vexatious, frivolous and abusive and serves no real purpose.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction over these proceedings.

2. Given that Mr. Budri's claim in this bankruptcy has been paid in full, the Court concludes that Mr. Budri has no legitimate reason to contact the Debtor, Debtor's counsel or her staff, the Trustee, or the Office of the United States Trustee, except with respect to: (a) service of filings authorized by the Court, or (b) made in the exercise of Mr. Budri's appellate rights, as required by applicable rules. A violation of the foregoing prohibition shall constitute contemptuous, sanctionable conduct. A response by any such party shall not constitute a violation of any order.

## III. CONCLUSION

Based on the foregoing, the Court grants the Debtor's Sanctions Motion as set forth on the record and herein.

**### END OF ORDER ###**